IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MACK ANTHONY BLACK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-0911 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Mack Anthony Black, seeks habeas corpus relief under 28 U.S.C. § 2254,

challenging a disciplinary conviction at the Wynne Unit of the Texas Department of Criminal Justice

- Correctional Institutions Division ("TDCJ-CID"). Black is currently serving a sentence imposed

by a state court in Potter County, Texas. The respondent filed a motion for summary judgment,

(Docket Entry No. 9). Black has filed a motion for default judgment. (Docket Entry No. 11).[1]

Based on careful consideration of the pleadings, the motion and response, the record, and the

applicable law, this court grants the respondent's motion and, by separate order, enters final

judgment. The reasons are explained below.

---

[1] Black moved for a default judgment on the basis that the respondent had not complied with this court's order to answer. (Docket Entry No. 5). On September 30, 2009, the respondent filed a motion for summary judgment in accordance with this court's order entered on April 28, 2009. (Docket Entry No. 5). That order instructed the petitioner to file a response. To date, Black has not responded. The certificate of service attached to the respondent's motion for summary judgment shows that a copy of the motion was mailed to Black at the Wynne Unit. Nothing on the docket sheet suggests that Black was assigned to any other unit aside from the Wynne Unit, the only address on record for Black. Black knew that respondent's motion for summary judgment had to be filed no later than September 30, 2009, yet he waited until April 15, 2010 to inquire about the status of his case and move for default judgment. Given that this case has been pending since March 25, 2009, this court declines to construe the motion for default as a motion for extension of time. Black's motion for default judgment is denied.

## I.    Background

In support of his motion for summary judgment, the respondent provides the following documents:

(A)    TDCJ-CID computer records about Black's conviction;

(B)    prison records for disciplinary case 20090038908;

(C)    grievance records about the disciplinary hearing; and

(D)    an audio tape recording of the hearing in the disciplinary case.

(Docket Entry No. 10).

The record shows that on October 10, 2008, prison officials at the Wynne Unit conducted a hearing in disciplinary case 20090038908.  The hearing officer found Black guilty of possession of contraband, a Level II, Code 16.0 offense.  (Docket Entry No. 10, Disciplinary Hearing Records, pp. 1, 5).  Black's punishment consisted of a loss of commissary privileges for thirty days, cell restriction for thirty days, a reduction in good-time earning class from Line 1 to Line 2, and a loss of thirty days good-time credit.

Black filed a Step One Grievance on October 20, 2008, which was denied on October 29, 2008.  (Docket Entry No. 10, Disciplinary Grievance Record, pp. 3-4).  In denying this grievance, Warden O'Hare stated that there was sufficient evidence to support the finding of guilt, no procedural errors were noted, and the punishment was within the established guidelines.  (*Id.* at 4).  Black filed a Step Two Grievance on December 18, 2008.  That grievance was denied on January 16, 2009.  (*Id.* at 1-2).  The reviewing official stated that the disciplinary charge was appropriate for the offense, the finding of guilt was supported by a preponderance of the evidence, due process requirements were satisfied, and the punishment was within agency guidelines.  (*Id.* at 2).

P:\CASES\prisoner-habeas\2009\09-0911.b02.wpd

On March 25, 2009, this court received Black's federal petition.  Black contends that his conviction in disciplinary case 20090038908 is void for the following reasons:

    (1)      prison officials violated TDCJ policy by failing to present the evidence of contraband at the hearing;

    (2)      the evidence was insufficient to support a finding of guilt;

    (3)      prison officials violated his right to due process by charging him with a disciplinary violation without first posting a policy that prohibited certain items;

    (4)      the charging officer filed a false charging instrument based on his assumption about the nature of the substance seized;

    (5)      Major Watson should have been disqualified because he was directly involved in the investigation of the disciplinary case, graded the conduct as a major offense, and served on the reclassification committee; and

    (6)      the hearing officer violated his right to due process by failing to summarize the evidence and failing to explain the reasons for his conclusions.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8A).

Because Black has not exhausted available administrative remedies, this petition is dismissed.  In addition, Black's claims based on the loss of privileges and insufficiency of the evidence are without merit.

## II.    Exhaustion

Prisoners suing under § 2254 are required to exhaust their claims in state court before applying for federal collateral relief.  *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  A state prisoner must exhaust available

state remedies before he can obtain federal habeas corpus relief unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson,* 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied,* 523 U.S. 1139 (1998)(citing *Anderson v. Harless,* 459 U.S. 4, 6-7 (1982)). A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson,* 501 U.S. 722, 731 (1991).

28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A federal court may raise on its own a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of the petitioner's claims until exhaustion is complete. *Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998) (citing *Graham v. Johnson,* 94 F.3d 958, 970 (5th Cir. 1996)).

The exhaustion requirement under 28 U.S.C. § 2254(b) applied when a prisoner is required to pursue the administrative grievance process. *See Preiser v. Rodriguez,* 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). *Malchi v. Thaler,* 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted); *Kimbrell v. Cockrell,* 311 F.3d 361, 364 (5th Cir. 2002); *Foley v. Cockrell,* 222 F. Supp.2d 826, 829 (N.D. Tex. 2002).

A Texas prisoner seeking to challenge the outcome of a prison disciplinary hearing in habeas corpus proceedings must exhaust prison grievance procedures. *See Gartrell v. Gaylor,* 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Baxter v. Estelle,* 614 F.2d 1030, 1031-32 (5th Cir. 1980); *Lerma v. Estelle,* 585 F.2d 1297, 1298 (5th Cir. 1978). In prison disciplinary cases inmates exhaust their state remedies for the purposes of § 2254 by pursuing the TDCJ-CID's internal grievance procedures. *See Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994).

The Texas Department of Criminal Justice Offender Orientation Handbook provides a two-step procedure for presenting administrative grievances. *Richbourg v. Horton,* 2008 WL 5068680 (5th Cir. 2008). Step 1 requires the prisoner to submit an administrative grievance at the institutional level within fifteen days of the incident. *See Wendell v. Asher,* 162 F.3d 887, 891 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock,* 549 U.S. 199, 127 S. Ct. 910, 920-21 (2007)). Step 2 permits the prisoner to submit an appeal to the division grievance

investigation with the TDCJ. *Id.* Generally, prison regulations permit only one grievance to be filed every seven days and only one issue to be raised in each grievance.

As noted, Black challenges his disciplinary conviction on the following six grounds:

(1)     evidence of the contraband was not presented at the hearing;

(2)     the evidence was insufficient to support a finding of guilt;

(3)     officials failed to post a policy stating that possession of certain items at issue was prohibited;

(4)     the charging officer filed a false charging instrument;

(5)     an official was a disqualified participant; and

(6)     the hearing officer failed to disclose what evidence he relied upon in reaching his decision.

In his Step One Grievance, Black alleged that:

(1)     there was insufficient evidence to support a finding of guilt; and

(2)     the penalty imposed was too severe.

(Docket Entry No. 10, Disciplinary Grievance Records, pp. 3-4).

In his Step Two Grievance, Black alleged that:

(1)     evidence of the contraband was not presented at the hearing;

(2)     there was insufficient evidence; and

(3)     the hearing officer was biased and relied on false evidence.

(*Id.* at 1-2).

Black presented six claims in his federal petition. He raised only one – insufficiency of the evidence – in both his Step One and Step Two Grievances. Black did not present these claims in both his Step One and Step Two Grievances:

(1)     evidence of contraband was not presented at the hearing;

(2)     the TDCJ failed to post a policy;

(3)     the charging officer filed a false charging instrument;

(4)     an official was a disqualified participant; and

(5)     the hearing officer failed to disclose evidence relied upon in making his decision.

A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement. *Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir. 2004). Black failed to present each of his grounds for federal habeas relief in both his Step One and Step Two Grievances. Black's claims are unexhausted. Though Black has not filed a reply to the respondent's motion for summary judgment, he filed a motion for default judgment on the ground that respondent has not complied with this court's order to answer. (Docket Entry No. 11). This court's order entered on April 28, 2009, required the respondent to file an answer by September 30, 2009. (Docket Entry No. 5). On September 30, 2009, the respondent filed a motion for summary judgment. The certificate of service shows that a copy of the motion was mailed to Black at the Wynne Unit, the only address on record for Black. Nothing in Black's pleadings shows that he exhausted his administrative remedies. As the respondent notes, it would be futile for Black to file additional grievances to try to exhaust his state administrative remedies at this late date. (Docket Entry No. 9, Respondent's Motion for Summary Judgment, p. 7). Because Black has failed to argue or establish that an exception applies,

his unexhausted claims, grounds 1, 3, 4, 5, and 6, must be dismissed as barred under the doctrine of procedural default. *See Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000).

## III.   The Claim Based on the Loss of Privileges

To the extent Black challenges the loss of privileges as punishment for his disciplinary conviction, these claims lack merit. Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment to the Constitution when a disciplinary action results in a punishment that implicates a liberty interest. In *Sandin v. Conner*, 515 U.S. 472, 478 (1995), the Supreme Court held that:

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 483-84 (citations omitted).

Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Cell restriction is not an atypical punishment requiring due process protections. *Dixon v. Hastings*, 117 Fed. Appx. 371, 372 (5th Cir. 2005). A loss of commissary privileges does not require due process protections. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). A loss of opportunity to earn good-time credits is not enough to trigger the protection of the Constitution. *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996). Line-class reduction does not trigger due process protection. Black's loss of privileges and reduction in good-time earning status do not provide a basis for federal habeas corpus relief.

8

### IV. The Claim Based on Insufficiency of the Evidence

As a result of his disciplinary conviction for possessing contraband, Black lost thirty days of previously earned good-time credit. When a state creates a right to time credit for good conduct and revokes the credit as a punishment for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Madison,* 104 F.3d at 768 (citing *Wolff,* 418 U.S. at 557). It appears that Black is eligible for mandatory supervision, giving him a protected liberty interest in his previously earned good-time credits. *See Teague,* 482 F.3d at 775-76 (citing *Malchi v. Thaler,* 211 F.3d 953, 956 (5th Cir. 2000)). To the extent that Black had a liberty interest in good-time credit accrued toward his potential early release on mandatory supervision, the revocation of those credits must comply with the minimum amount of procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill,* 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons,* 213 F.3d 897, 898 (5th Cir. 2000).

In *Wolff v. McDonnell,* 418 U.S. 539 (1974), the Supreme Court considered the minimum level of due process required in the prison disciplinary context. In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Id.* at 561. Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer,* 408 U.S. 471, 488 (1972)). The procedural due process required for prison inmates under these circumstances includes: (1) advance

written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See Wolff*, 418 U.S. at 563-67.

Black does not complain that he received insufficient notice of the charges or that the opportunity to present evidence on his own behalf was inadequate. Black does not complain that he did not receive a written statement of the reason for his conviction. The disciplinary hearing records confirm that Black was afforded notice of the charges against him on October 9, 2008. On October 10, 2008, he verbally waived his right to twenty-four-hour notice of the hearing. (Docket Entry No. 10, Disciplinary Hearing Record, p. 2). He had an opportunity to appear and present a defense at the disciplinary hearing on October 10, 2008. He explained that the laundry department issued the markers, one of the items of contraband, so that inmates could label their clothes. He further explained that he had an extra blanket, another item of contraband, because the one he had was too small. He was also given a written copy of the TDCJ Disciplinary Report and Hearing Record detailing the reasons for his conviction. The hearing officer explained that the punishment was based on the nature of the charges. (*Id.* at 1). Black did not acknowledge receipt of the disciplinary report because he was in restraints. The record shows that Black received procedural due process. *Wolff*, 418 U.S. at 563-67.

Black alleges that the charges were not supported by sufficient evidence because prison officials failed to introduce photographs of the contraband at issue. A disciplinary conviction must be supported by "some evidence" to be consistent with due process. *See Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). It is well-settled, however, that

"federal courts cannot retry every prison disciplinary dispute; rather the court may act only where arbitrary or capricious action is shown." *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994). When reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais,* 659 F.2d 539, 543 (5th Cir. Unit A 1981); *see also Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995); *Turner v. Johnson,* 46 F. Supp.2d 655, 660 (S.D. Tex. 1999). To satisfy the Due Process Clause in the context of prison disciplinary proceedings "requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill,* 472 U.S. at 457. "The goal of this standard – variously a 'modicum of evidence,' 'any evidence,' or 'some evidence' – is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir. 2001) (citing *Hill,* 472 U.S. at 455). Federal habeas courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the "support of 'some facts' or 'any evidence at all.'" *Hudson,* 242 F.3d at 537.

The disciplinary record shows that after a search of Black's cubicle on October 8, 2008, Officer Alverson confiscated the following contraband: one container of bleach; two markers; three packets of spices from the kitchen; one extra blanket; one container of sugar; one extra towel; and one container of wax. (Docket Entry No. 10, Disciplinary Hearing Record, p. 1). Officer Alverson wrote in his incident report that these items were not allowed or assigned to an offender and not bought by the offender from the commissary. At the hearing, Black testified, "The markers are assigned to laundry workers. I used the markers to put my number on my clothes. I was given two

blankets because the blankets I received were too small. I've got nothing to say about the other stuff I had." (*Id.* at 3). After reviewing the written report of the charging officer and listening to Black's testimony, the hearing officer found that Black was guilty of possessing contraband.

The record contains the administrative report and record, which includes an audiotape of the disciplinary hearing. The written offense report, and Black's testimony, are more than sufficient evidence to sustain the disciplinary conviction for possessing contraband. *See Hudson,* 242 F.3d at 537 (finding that the offense report, standing alone, meets the "some evidence" standard). Because there was sufficient evidence to support the guilty finding, this court must defer to the disciplinary hearing officer. *See Hudson,* 242 F.3d at 537. Black has not demonstrated that he was denied due process or that the challenged disciplinary conviction fails for lack of sufficient evidence.

The charging officer's written report and Black's own testimony at the hearing provides "some evidence" of the prison disciplinary board's guilty finding. Black is not entitled to federal habeas corpus relief on this claim.

## V.    Conclusion

The respondent's Motion for Summary Judgment, (Docket Entry No. 9), is granted. Black's petition for a writ of habeas corpus is denied. This case is dismissed. Black's motion for default judgment, (Docket Entry No. 11), is denied. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve

encouragement to proceed further.  *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484).

A district court may deny a Certificate of Appealability on its own.  *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  Black has not made the showing necessary for issuance of a COA.

SIGNED on May 14, 2010, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge